# EXHIBIT A



# IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>R BRENT ELLIOTT | Case Number: 19CN-CC00051 |
| Plaintiff/Petitioner:<br>KARLIE WISER<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 |
| Defendant/Respondent:<br>FAVORITE HEALTHCARE STAFFING, INC. | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO 64477 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

FILED
8/15/2019
ELLIS DOCKRAY
CIRCUIT CLERK
EX-OFFICIO RECORDER
CLINTON CO, MO

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: FAVORITE HEALTHCARE STAFFING, INC.
Alias:
C/O NATIONAL REGISTERED AGENTS
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

COURT SEAL OF
CLINTON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

08/15/2019 _____ ELLIS DOCKRAY, CIRCUIT CLERK
Date
BY: CONNIE THARP, Clerk SENIOR CLERK

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____   _____
Date          Notary Public

**Sheriff's Fees, if applicable**
Summons $_____
Non Est $_____
Sheriff's Deputy Salary
Supplemental Surcharge $ 10.00
Mileage $_____ (____ miles @ $_____ per mile)
Total $_____

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 19-SMCC-355   1 of 1   Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:19-cv-06117-RK   Document 1-1   Filed 09/11/19   Page 2 of 13

IN THE CIRCUIT COURT OF CLINTON COUNTY, MISSOURI

| | |
|---|---|
| **KARLIE WISER,** Individually And On Behalf Of All Others, <br><br> Plaintiffs, <br><br> vs. <br><br> **FAVORITE HEALTHCARE STAFFING, INC.** <br> Registered Agent: <br> National Registered Agents, Inc. <br> 120 South Central Avenue <br> Clayton, MO 63105 <br><br> Defendant. | Case No.: <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Karlie Wiser, by and through her attorneys, and on behalf of herself, the Putative Classes set forth below, and in the public interest, brings the following class action complaint against Defendant, Favorite Healthcare Staffing, Inc., ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

### PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from a third party.

3. Defendant paid a fee to the third party for the information it obtained concerning the Plaintiff.

4. The information obtained from the third party concerning the Plaintiff was a Consumer Report (as a Consumer Report is defined pursuant to the FCRA).

5. Defendant relies on information in Consumer Reports to make decisions regarding prospective or current employees.

6. Defendant relies on information in a Consumer Report, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

7. Plaintiff asserts FCRA claims against Defendant on behalf of herself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

8. On behalf of herself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

9. Plaintiff is a resident of Raytown, Missouri. Plaintiff is a member of the Putative Classes defined below.

10. Defendant is a foreign company doing business in Missouri and throughout the United States.

## JURISDICTION AND VENUE

11. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

12. Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

14. Plaintiff applied online for employment with the Defendant in or about July 2019.

15. Plaintiff was brought in the next day for an interview.

16. Plaintiff was offered a job that day and completed the required paperwork

17. Defendant obtained a Consumer Report concerning the Plaintiff from Asurint.

18. Plaintiff went to orientation on July 29, 2019.

19. Plaintiff was called out of orientation and was told she was fired due to her Consumer Report.

20. Plaintiff did not receive a copy of her Consumer Report before the adverse action had taken place.

21. Denying the Plaintiff a job because of information contained within her Consumer Report is an adverse action (as an adverse action is defined pursuant to the FCRA).

22. Plaintiff was not provided with a reasonable amount of time to challenge or explain the Consumer Report.

23. Defendant's manner of denying the Plaintiff employment based on information contained within the Consumer Report without providing a copy of the Consumer Report to the Plaintiff denied the Plaintiff the benefit of contesting or explaining information contained within the Consumer Report.

24. Plaintiff was not provided with an FCRA summary of rights prior to the adverse action that was based upon her Consumer Report.

25. If Plaintiff had been given an opportunity to review and contest the Consumer Report he may have avoided the adverse action.

26. Plaintiff was denied the opportunity to contest the Consumer Report before the adverse action and did not know what information was contained within the Consumer Report.

27. Plaintiff did not understand her FCRA rights and did not know how or if she could challenge the Consumer Report.

28. Defendant's sudden denial of employment caused the Plaintiff to suffer stress, anxiety, lost compensation, and lost opportunity.

29. Defendant's denial of employment prior to the receipt of the Consumer Report and the FCRA Summary of Rights left the Plaintiff confused regarding the ability to address any misleading information or inaccuracy in the Consumer Report.

30. Plaintiff may have been able to obtain employment if given the proper opportunity to address the information in the Consumer Report.

31. Defendant contracted with Asurint, that it would provide a copy of the Consumer Report and a copy of the FCRA Summary of Rights before any adverse action was taken based in whole or in part on information contained within a Consumer Report.

32. The agreements made between the Defendant and the Consumer Reporting Agency contain promises that require the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(2) and b(b)(3).

## CLASS ACTION ALLEGATIONS

35. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

36. Plaintiff asserts the following proposed class defined as:

**ADVERSE ACTION CLASS:** All employees or prospective employees of Defendant that suffered an adverse employment action on or after August 15, 2017, that was based, in whole or in part, on information contained in a Consumer Report, and who were not provided a copy of such report, a reasonable notice period in which to address, explain and/or challenge any information in the Consumer Report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

### Numerosity

37. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in Consumer Reports to evaluate individuals for employment purposes. Defendant relies on the information contained it said Consumer Reports, in whole or in part, as a basis for adverse employment action. Given the nature of Defendant's business, Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the class.

### Common Questions of Law and Fact

38. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

    a. Whether Defendant obtains Consumer Reports on individuals to evaluate them for employment purposes;

    b. Whether the Defendant took an adverse action against the Plaintiff and other individuals without first providing them with a copy of their Consumer Report;

    c. Whether Defendant's violations of the FCRA were willful;

    d. The proper measure of statutory damages and punitive damages.

### Typicality

39. Plaintiff's claims are typical of the members of the proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant regularly takes adverse action based, in whole or in part, on information contained in Consumer Reports in violation of the FCRA. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class

members in accordance with its standard policies and practices.

## Adequacy of Representation

40. Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

## Superiority

41. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

42. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

43. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

44. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil

Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

45. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## FCRA VIOLATIONS

46. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

47. Defendant obtained a "Consumer Report," as defined by the FCRA, concerning the Plaintiff.

48. Defendant used a Consumer Report, as defined by the FCRA, to take adverse employment action against the Plaintiff, and on information and belief, other

members of the adverse action class.

49. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the Consumer Report that was used to take adverse employment action against them prior to the adverse action.

50. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to cure any inaccuracies within the Consumer Reports prior to the adverse action.

51. Had Defendant complied with the FCRA, Plaintiff would have been given a copy of the Summary of Rights.

52. Had Defendant complied with the FCRA, Plaintiff would have been given more time to review, dispute and/or address the information contained in the Consumer Report.

53. Plaintiff was not provided with a reasonable amount of time to challenge the Consumer Report before being denied employment.

54. Plaintiff was not provided with a FCRA Summary of Rights prior to the adverse action that was based in whole or in part upon the Consumer Report.

55. The Defendant's failure to provide the Plaintiff a copy of the Consumer Report or the FCRA Summary of Rights denied the Plaintiff a meaningful opportunity to address the information contained within the Consumer Report.

56. Being provided a copy of the Consumer Report before termination, in compliance with the FCRA, would have helped the Plaintiff understand what information the Defendant was using against her.

57. A copy of the Summary of Rights before denied employment would have helped

the Plaintiff understand what her rights were and would have provided valuable information that may have assisted the Plaintiff in maintaining employment.

58. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

59. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other individuals under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

   a. Defendant has access to legal advice through outside employment counsel;

   b. Defendant violated the FCRA by not providing a copy of the Plaintiff's Consumer Report prior to taking an adverse action;

   c. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

   d. 15 U.S.C. §1681b(b)(1), requires end users of Consumer Reports to certify that before taking any adverse action the consumer would be provided with a copy of the Consumer Report, a copy of the FCRA Summary of Rights, and an opportunity to contest or explain the information contained within the Consumer Report.

60. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

61. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

62. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE**, the Plaintiff respectfully requests that this Court issue an Order for the following:

    a. An Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

    b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

    c. Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

    d. Order finding that Defendant committed multiple, separate violations of the FCRA;

    e. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

    f. Order awarding statutory damages and punitive damages as provided the FCRA;

    g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

    h. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed classes have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952

Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF